**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02948-NYW-CYC

RAY ELLIOTT;
TREVOR ALLEY;
MICHAEL VITCO;
FIREARMS POLICY COALITION, INC.; and
COLORADO STATE SHOOTING ASSOCIATION,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO;
JARED POLIS, in his official capacity as the Governor of Colorado;
PHILIP J. WEISER, in his official capacity as Attorney General of Colorado;
ARMANDO SALDATE III, in his official capacity as Director of the Colorado Bureau of Investigation;
COLONEL MATTHEW C. PACKARD, in his official capacity as Chief of the Colorado State Patrol; and
JOHN WALSH, in his official capacity as District Attorney for the City and County of Denver, Colorado;

Defendants.

---

**UNOPPOSED MOTION TO STAY FURTHER PROCEEDINGS**

---

Defendants submit this motion to stay further proceedings in this case, including all discovery, pending the Supreme Court's resolution of *Viramontes v. Cook County*, No. 25-238 (U.S.) and *Grant v. Higgins*, No. 25-566 (U.S.) (collectively, "*Viramontes*"). Consistent with D.C.Colo.LCivR 7.1(a), Defendants' counsel conferred in good faith with Plaintiff's counsel regarding the relief requested by this Motion. Plaintiff's counsel stated that their clients do not oppose the requested relief, in light of another Court in this district

(Crews, J.) staying all proceedings in the Department of Justice's challenges to the same restrictions at issue in this case, described herein.

## PROCEDURAL BACKGROUND

1. Plaintiffs filed their complaint on June 30, 2026, challenging the constitutionality under the Second Amendment of Denver's restrictions on assault weapons and large-capacity magazines ("LCMs") and the State of Colorado's restrictions on LCMs. (ECF No. 1).

2. Defendants timely responded to the complaint by filing their respective answers on August 28, 2026. (ECF Nos. 26, 27, 29).

3. The Court has set a Scheduling Conference for December 15, 2026, and a deadline of November 24, 2026, for the parties to meet in accordance with Fed. R. Civ. P. 26(f). (ECF No. 33). The parties' proposed Scheduling Order is due on or before December 8, 2026. *Id.*

## *VIRAMONTES* AND ITS IMPACT ON THIS CASE

4. This case uniquely merits a stay because the Supreme Court's forthcoming decision in *Viramontes* will impact this case, including discovery. In *Viramontes*, the Supreme Court granted certiorari in two consolidated cases challenging state and local laws prohibiting possession of "AR-15 platform and similar semiautomatic rifles." Pet. for Cert. at i, *Viramontes*, No. 25-238 (U.S. Aug. 27, 2025); *see* Pet. for Cert. at i, *Grant*, No. 25-266 (U.S. Nov. 7, 2025).

5. In *Viramontes*, the Supreme Court is likely to provide guidance on how courts decide challenges to bans on alleged "arms." In doing so, the Court is likely to

provide guidance on some of the key issues in this case, including what "arms" are covered by the Second Amendment, what it means for an instrument to be "in common use," and what historical principles apply to modern governments' ability to restrict types of weapons. In all, the Supreme Court is likely to provide critical guidance in a hotly contested area that will significantly affect this case, including discovery.

**STANDARD**

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a stay in this district, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (citation omitted).

**GOOD CAUSE**

7. Here, each of the *String Cheese* factors weigh in favor of staying further proceedings, including all discovery, in this matter:

8. *First*, Plaintiffs do not oppose this motion and therefore their interests are not harmed nor are they prejudiced by delay.

9. *Second*, Defendants would be burdened if a stay is not granted. Devoting resources to complying with the demands of civil discovery and disclosure obligations in

this case would take away from Defendants' ability to fulfill their normal everyday obligations to Coloradans and Denverites. Furthermore, past similar cases in this district have involved substantial expert discovery. Regardless of the outcome of *Viramontes*, the Supreme Court's analysis and guidance will affect discovery in this case, especially expert discovery. There is no reason for the parties to engage in discovery now only to redo much of that work again after *Viramontes* is decided.

10. *Third*, a stay in this case will benefit the Court because it is likely that the Supreme Court's resolution of the issues in *Viramontes* will shed considerable light on the merits issues presented here. For that reason, courts across the country have stayed cases pending *Viramontes*. *See, e.g.*, *Yzaguirre v. District of Columbia*, Order, No. 1:22-cv-02256, (D.D.C. July 28, 2026), Dkt. 52 (staying case pending *Viramontes* and *Grant*); *McDonald v. Katz*, Order, No. 1:26-cv-01305 (E.D. Va. July 24, 2026), Dkt. 31 (staying all deadlines and proceedings pending *Viramontes* and *Grant*); *Bevis v. City of Naperville*, Minute Order, No. 1:22-cv-04775 (N.D. Ill. July 20, 2026), Dkt. 126 (staying all proceedings pending *Viramontes* and *Grant*); *Capen v. Campbell*, Order, No. 1:22-cv-11431, Dkt. 107 (D. Mass. July 9, 2026) (same); *Benson v. United States*, Order, No. 23-cf-0514 (D.C. July 10, 2026) (staying en banc briefing pending *Viramontes* and *Grant*); *but see Ocean State Tactical, LLC v. Rhode Island*, Order, No. 1:22-cv-00246 (D.R.I. July 14, 2026) (denying plaintiffs' motion to continue stay because the case "is 4 years old" and "[i]t is neither prudent nor acceptable to let this case linger longer").

11. This Court and others in this District have taken the same approach. On August 28, 2026, this Court (Wang, J.) ordered a stay pending *Viramontes* and *Grant* in *Rocky Mountain Gun Owners v. Town of Superior*, No. 1:22-cv-02680-NYW-TPO, a Second Amendment challenge to other Colorado jurisdictions' assault weapon and LCM restrictions. *See id.*, Dkt. 140. And another Court in this district (Crews, J.) recently stayed all proceedings in the Department of Justice's challenges to the same restrictions at issue in this case. *See United States v. City and County of Denver, et al.*, No. 1:26-cv-01929-SKC-TPO, Dkt. 59 (consolidating that case with *United States v. State of Colorado*, No. 1:26-cv-01950-SKC-TPO, and staying all proceedings because "the most prudent course of action is to await" the Supreme Court's resolution of *Viramontes*).

12. *Fourth*, discovery in this case may entail third-party discovery. Postponing discovery pending resolution of *Viramontes* may thus benefit non-parties.

13. *Fifth*, "[t]he public has an interest in conserving judicial resources." *Benedict v. Manfred*, No. 1:23-cv-1563-DDD-KAS, 2024 WL 6907069, at *5 (D. Colo. Apr. 18, 2024). Because of that interest, this factor weighs in favor of a stay.

**CONCLUSION**

14. The Supreme Court's resolution of *Viramontes* is likely to provide critical guidance in a hotly contested area that will affect the resolution of this case. For that reason, prudence counsels to wait and Defendants move this Court to stay proceedings, including all discovery, pending resolution of *Viramontes*.

WHEREFORE, based on good cause shown, it is requested that the Court stay

further proceedings in this matter, including all discovery. Should the Court grant this motion, the Parties will submit a joint Status Report fourteen days after the Supreme Court issues its decision in *Viramontes*.

Respectfully submitted this 16th day of November 2026.

PHILIP J. WEISER
Attorney General

/s/ *Gabe Podesta*
Gabe Podesta
Peter G. Baumann
*Senior Assistant Attorneys General*
Sam Wolter
*Assistant Attorney General*
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, Denver, CO 80203
Telephone: 720.508.6000
Email: gabe.podesta@coag.gov
*Attorneys for State Defendants*

/s/ *William J. Taylor, Jr.*
Janet Carter
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P. O. Box 4184
New York, NY 10163
(646) 324-8215
wtaylor@everytown.org
*Attorneys for Defendants Denver and DA Walsh*

Michiko A. Brown
City Attorney
CITY AND COUNTY OF DENVER
201 W. Colfax, Dept. 1207
Denver, CO 80202
(303) 912-5813
michiko.brown@denvergov.org
*Attorney for Defendant Denver*

John F. Walsh
Denver District Attorney
370 17th Street, Suite 5300
Denver, CO 80202
720-913-9000